O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE ALAN MARTINEAU,<br><br>    Plaintiff,<br><br>  v.<br><br>FEDERAL HOME LOAN MORTGAGE, INC., et al.,<br><br>    Defendants. | Case No. 2:12-cv-2424-ODW(CWx)<br><br>**ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND DISMISSING COMPLAINT** |

  The Court is in receipt of Plaintiff's complaint. Though barely intelligible, the Court interprets Plaintiff's complaint, in part, as a request for a temporary restraining order against the various Defendants. Upon review, the Court finds Plaintiff failed to demonstrate the elements required for a temporary restraining order. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Accordingly, Plaintiff's request for a temporary restraining order is **DENIED**.

  But more importantly, the Court finds Plaintiff's complaint deficient in other ways, including the failure to comply with Federal Rules of Civil Procedure Rule 8. Rule 8(a) requires that a pleading contain a short and plain statement of a claim showing that the pleader is entitled to relief. *Bautista v. Los Angeles County*, 216 F.3d

837, 840 (9th Cir. 2000). Plaintiff must plead a short and plain statement of the elements of his claim, "identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case." *Id.* Further, Plaintiff must eliminate all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like from his complaint. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). The Court should be able to read and understand Plaintiff's pleading within minutes. *Id.* at 1177.

Although the Court is required to give pro se plaintiffs some leniency in terms of procedure, the complaint must still be adequately plead. *See Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987). A complaint that is unintelligible serves no purpose and does more harm than good. And it requires all parties—plaintiff, defendant, and the court—to expend resources just trying to decipher the prose.

Here, Plaintiff's complaint is 30 pages long. It alleges 11 causes of action against 9 named defendants and 130 doe defendants for their alleged unlawful involvement in Plaintiff's mortgage and foreclosure. But what is worse, the complaint contains nothing but boilerplate allegations relating to speculative wrongful acts by the mortgage and financial industries. The complaint contains only legal conclusions and lacks any facts alleging *what* Defendants have *specifically* done to Plaintiff. Additionally, Plaintiff's legal theories presented in his complaint barely make sense. In total, Plaintiff's complaint violates the "short and plain" requirement of Rule 8, and is hereby **DISMISSED WITH LEAVE TO AMEND**. Plaintiff may file an amended complaint within 30 days. Failure to do so will result in dismissal of this action.

Finally, the Court is not convinced that Plaintiff is the author of his complaint—it appears Plaintiff acquired a (poor) template and modified it to suit his needs. The Court discourages this practice. Instead, Plaintiff is advised that a Federal Pro Se Clinic is located in the United States Courthouse at 312 N. Spring Street, Room 525,

Fifth Floor, Los Angeles, California 90012. The clinic is open for appointments on Mondays, Wednesdays, and Fridays at 9:30 a.m. The Federal Pro Se Clinic offers free, on-site information and guidance to individuals who are representing themselves in federal civil actions. Plaintiff is encouraged to visit the clinic, prior to filing his amended complaint, for advice concerning his case.

**IT IS SO ORDERED.**

March 26, 2012

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE