O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE ALAN MARTINEAU,<br><br>　　　　Plaintiff,<br>　　v.<br>FEDERAL HOME LOAN MORTGAGE, INC.; OCWEN LOAN SERVICING LLC; TAYLOR, BEAN & WHITAKER CORPORATION; All Persons Unknown, claiming any right or interest in real property located at 1435 Hollencrest Drive, West Covina, California 91791, inclusive,<br><br>　　　　Defendants. | Case No. 2:12-cv-2424-ODW(CWx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [7]** |

Before the Court is Defendants Federal Home Loan Mortgage Corp and Ocwen Loan Servicing, LLC's motion to dismiss Plaintiff Bruce Martineau's First Amended Complaint ("FAC").[1] (ECF No. 7.) For the following reasons, Defendants' motion to dismiss is **GRANTED**.

## I. BACKGROUND

Martineau obtained a $414,000 mortgage on March 20, 2008 for his West Covina property. (Def.'s Req. for Judicial Notice ("RJN") Ex. A.) On August 1, 2009, Plaintiff defaulted on the loan. (RJN Ex. C.) Although Martineau attempted to repair the default and sought a loan modification, Defendants ultimately did not modify his loan. (Compl. ¶ 12.) The deed was then assigned to Ocwen, who

---

[1] Having carefully considered the papers filed in support of this motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

foreclosed the property on September 8, 2011. (RJN Exs. B, F.) Martineau's complaint lists six claims, centered on Defendants' conduct during the loan modification and foreclosure processes. These six claims may be classified as follows:

- violations under the California Foreclosure Prevention Act ("CFPA") (Claims 1, 2, and 5);
- violations under California Civil Code section 2923.6 (Claim 3);
- violations under California Commercial Code section 3301, et seq. (Claim 4);
- breach of duty of good faith and fair dealing.

The Court addresses these categories of claims in turn.

## II. LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Rule 8 demands more than a complaint that is merely consistent with a defendant's liability—labels and conclusions, or formulaic

recitals of the elements of a cause of action do not suffice. *Id.* The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

**A. Violations of the California Foreclosure Prevention Act**

Martineau alleges Defendants violated the CFPA by:

- not offering relief "via Loan Modification or other vehicle" (Claim 1, FAC ¶ 15);
- failing "to allow an additional 90 days" to work out a new loan arrangement (Claim 2, FAC ¶ 16);

and as a result of these violations,

- Defendants were negligent per se (Claim 5, FAC ¶¶ 19–20).

Defendants aver that the CFPA is not applicable because Martineau's loan was recorded after the requisite statutory period, and the CFPA was repealed before Martineau's property was foreclosed. (Mot. 6–7.)

The CFPA was enacted in February 2009 to help homeowners avoid foreclosure. For certain loans, the CFPA postponed the notice of sale under a deed of trust for 90 days. Cal. Civ. Code § 2923.52. But the loan must have been recorded during the period of January 1, 2003 to January 1, 2008. Cal. Civ. Code § 2923.52(a)(1). And these provisions were in effect only until January 1, 2011, since the California legislature did not extend the end date. Cal. Civ. Code § 2923.52(e).

Here, Martineau's loan falls outside the ambit of the CFPA for two reasons. First, the deed of trust was recorded on April 3, 2008—after the deadline for recording loans under the CFPA. (RJN Ex. A.) Second, the recording of the Notice of Default and the Notice of Trustee's Sale, and the sale of the property all occurred after the statute had been repealed. Based on this timeline, Martineau has no claim under the CFPA. And because there is no violation of the CFPA, there can be no negligence per se. Thus, the Court **DISMISSES** Martineau's first, second and fifth claims **WITH PREJUDICE**.

**B.    Violation of California Civil Code section 2923.6**

Martineau next alleges Defendants failed to provide a loan modification under California Civil Code section 2923.6. (FAC ¶ 17.) Defendants contend no such duty exists under law and the statute does not confer a private right of action. (Mot. 6–7.)

Section 2923.6 declares:

(a)    The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, or to all investors under a pooling and servicing agreement, not to any particular party in the loan pool or investor under a polling and servicing agreement, and that a servicer acts in the best interests of all parties to the loan pool or investors in the pooling and servicing agreement if it agrees to or implements a loan modification or workout plan for which both of the following apply:

4

>   (1) The loan is in payment default, or payment default is reasonably foreseeable.
>
>   (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.
>
> (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

Cal. Civ. Code § 2923.6(a)–(b). This statute does not require the mortgagee to offer the borrower a loan modification. *Connors v. Home Loan Corp.*, No. 08-CV-1134-LSP, 2009 WL 1615989, at *8 (S.D. Cal. June 9, 2009). Nor does it confer a private right of action. *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1188 (N.D. Cal. 2009).

So, because Defendants had no duty to modify Martineau's loan, the Court **DISMISSES** this claim **WITH PREJUDICE**.

### C. Violation of California Commercial Code section 3301 et seq.

Martineau also accuses Defendants of foreclosing his property without proof that they may do so. (FAC ¶ 18.) He suggests that Defendants must produce the original promissory note in a nonjudicial foreclosure.

California Commercial Code section 3302 allows the authenticity of an instrument to be questioned if the instrument bears evidence of forgery, alteration, or is otherwise irregular or incomplete. Cal. Com. Code § 3302(a). But in a nonjudicial foreclosure, no party needs to physically possess the promissory note to conduct the foreclosure process. *Sicairos v. NDEX West, LLC*, No. 08-CV-2014-LAB, 2009 WL 385855, at *3 (S.D. Cal. Feb. 13, 2009). Rather, the foreclosure process starts by the trustee recording a notice of default and electing to sell. Cal. Civ. Code § 2924; *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994).

Martineau's claim is faulty. If the trustee forecloses a property by obeying all statutory requirements, then "a rebuttable presumption arises that the sale has been conducted regularly and properly." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 441

1 (2003). The FAC makes no specific allegations as to irregularities that would
2 preclude a nonjudicial foreclosure. Further, based on the loan and title documents
3 before the Court, any amendment to this claim will be futile. Accordingly,
4 Martineau's fifth claim is **DISMISSED WITH PREJUDICE**.

**D.  Breach of the implied duty of good faith and fair dealing**

Finally, Martineau alleges Defendants breached the implied duty of good faith and fair dealing "by deceiving plaintiff about his qualification for and the terms of the loan resulting in his being placed in economic hardship solely there from [sic] and losing his primary residence." (FAC ¶ 24.) "But for the breach," he continues, "Plaintiff would not have been damaged by the loss." *Id.*

Under California law, every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 798 (2008). But this duty applies only in unique fiduciary-like relationships. *Mitsui Mfrs. Bank v. Superior Court*, 212 Cal. App. 3d 726, 729 (1989). As a general rule, a financial institution owes no duty of care to a borrower when the institution's role was that of a mere lender of money. *Nymark v. Heart Fed. Savs. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991). Yet, a lender owes a fiduciary duty to a borrower when it excessively controls the borrower. *Okura & Co.*, *Inc. v. Careau Grp.*, 783 F. Supp. 482, 494 (C.D. Cal. 1991).

Here, Martineau fails to state facts sufficient to show such a fiduciary relationship. Based on Martineau's pleading history, the Court deems that any future amendments would be futile. Thus, this sixth claim is **DISMISSED WITH PREJUDICE**.[2]

---

[2] Although Defendant Taylor Bean and Whitaker Mortgage Corp. did not file or join in the motion to dismiss, the FAC is nevertheless dismissed against Taylor Bean as it is in a position similar to that of the moving defendants. *Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to the defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

## IV. CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**. The clerk of court is instructed to close this case.

**IT IS SO ORDERED.**

July 2, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**